IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW McCLAINE,

              Plaintiff,                        2:12-cv-00619

                                                      **ELECTRONICALLY FILED**

      v.

REIN POLD, FRANK REMMICK, GLEN
REID, CLARION UNIVERSITY
DEPARTMENT OF PUBLIC SAFETY, and
CLARION UNIVERSITY OF
PENNSYLVANIA

              Defendants.

## MEMORANDUM ORDER RE: MOTION TO REMAND (DOC. NO. 9)

### I. Introduction and Procedural History

Currently pending before the Court are Plaintiff Andrew McClaine's ("Plaintiff's") Motion to Remand (Doc. No. 9) and Defendants Frank Remmick, Glen Reid, Clarion University Department of Public Safety, and Clarion University of Pennsylvania's ("State Defendants'") Motion to Dismiss (Doc. No. 4).

Plaintiff filed his Complaint against Defendants on April 16, 2012, in the Court of Common Pleas of Clarion County.  Doc. No. 1-2.  State Defendants filed a Notice of Removal with this Court on May 9, 2012.  Doc. No. 1.  The Complaint alleges that, *inter alia*, State Defendants and Defendant Rein Pold, an officer with the Clarion University Department of Public Safety, violated his civil rights.  Doc. No. 1-2.  On May 23, 2012, State Defendants filed a Motion to Dismiss the Complaint.  Doc. No. 4.  On July 16, 2012, Plaintiff filed a Motion to Remand and Brief in support thereof.  Doc. Nos. 9 and 10.  Defendants filed a Response and Brief in support thereof.  Doc. Nos. 12 and 13.  The Court then ordered that Plaintiff file a Reply, including proof of service on ECF.  Text Order of July 20, 2012.  Plaintiff filed that document on

July 27, 2012. Doc. No. 14. For judicial efficiency, the Motion to Remand (Doc. No. 9) will be **GRANTED**.

**II. Legal Standard**

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1974). All doubts as to substantive and procedural jurisdiction prerequisites must be resolved in favor of remand. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Marino v. Gorman*, 2011 WL 3474803, *1 (W.D. Pa. Aug. 9, 2011) (Schwab, J). The removing Defendant bears the heavy burden of persuading the Court, to which the state action was removed, that it has jurisdiction under the removal statutes. *Batoff*, 977 F.2d at 851; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991); *see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) (burden of establishing federal jurisdiction is placed upon the parties seeking removal).

> Under the removal statute:
>
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>    (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

28 U.S.C. § 1441(b).

**III. Discussion**

    **A. This Court Has Subject Matter Jurisdiction**

First, Plaintiff argues that this Court lacks subject matter jurisdiction for the same reasons stated in the State Defendants' Motion to Dismiss. Doc. No. 10, 2-4. However, only two of the four State Defendants, Clarion University of Pennsylvania and Clarion University of Pennsylvania Department of Public Safety are entitled to Eleventh Amendment immunity. Defendants Remmick and Reid are not entitled to Eleventh Amendment immunity and thus this Court has subject matter jurisdiction with respect to Count IX of the Complaint, and removal was proper under 28 U.S.C. § 1441(a). *Cf. Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 561 (holding that the Court can dismiss certain Defendants to cure jurisdictional defects).

    **B. The Requirements of 28 U.S.C. § 1446(b) Were Satisfied**

In December 2011, Congress passed the Federal Courts Jurisdiction and Venue Clarification Act of 2011. 125 Stat. 760. This Act codified the United States Court of Appeals for the Third Circuit's approach to 28 U.S.C. § 1446(b), known as the "later-served rule." *See id.* at 762; *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011). This rule states that each Defendant has 30 days from being served to file his or her notice of removal. *Id.* In order for the provisions of 28 U.S.C. § 1446(b) to be satisfied, all Defendants must consent to the removal, at the very latest, within 30 days of the last Defendant being served. *Id.* at 188; *Pietrangelo v. Alvas Corp.*, -- F.3d --, 2012 WL 2687448, *3 (2d Cir. July 9, 2012) (adopting the *Delalla* approach); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011)

After being pressed on the matter by State Defendants and the Court, Plaintiff admitted that Defendant Pold has not been served. Doc. No. 14, 6. The United States Court of Appeals for the Third Circuit has held that an unserved Defendant need not consent to removal. *Brown v.*

*Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) (citing *Gee v. Lucky Realty Homes, Inc.*, 210 F.Supp.2d 732, 736 (D.Md.2002); 14C Wright & Arthur Miller, Federal Practice & Procedure § 3731 (3d ed. 2008)).  Therefore, there is no procedural defect in the Notice of Removal.

### C. Remand Is Appropriate for Judicial Economy

Although this Court has jurisdiction to hear the claims against Defendants Remmick, Reid, and Pold (if/when served), it does not have jurisdiction to hear the claims against Clarion University of Pennsylvania or Clarion University Department of Public Safety because of their Eleventh Amendment immunity.  The claims against all Defendants arise out of a single set of facts.  Allowing the case to go forward in both state and federal court would be duplicative and inefficient.  Thus, for judicial economy reasons, the Court will remand this action.  *See Northwest Cent. Pipeline Corp. v. Mesa Petroleum Co.*, 643 F.Supp. 280, 283 (D.Colo. 1986) (citing *Leinberger v. Webster*, 66 F.R.D. 28, 33 (E.D.N.Y. 1975); *Twentieth Century—Fox Film Corp. v. Taylor*, 239 F.Supp. 913 (S.D.N.Y. 1965)); *Lemke v. St. Margaret Hosp.*, 594 F.Supp. 25, 28 (N.D. Ill. 1983).

IV. Order

AND NOW, this 30th day of July, 2012, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED**. This case is remanded to the Court of Common Pleas for Clarion County **FORTHWITH**. The Clerk of Court shall comply with the provisions of 28 U.S.C. § 1447(c) and mark this **CASE CLOSED**.

2. State Defendants' Motion to Dismiss (Doc. No. 4) is **DENIED AS MOOT**.

3. Plaintiff shall immediately serve a copy of this Order on Defendant Pold.

4. The parties shall bear their own costs.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:    All Registered ECF Counsel and Parties